IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| ELIZABETH STREZA, | |
|---|---|
| *Plaintiff*, | CIVIL ACTION NO. 3:13-CV-573 |
| v. | |
| BANK OF AMERICA, *et al.*, | |
| *Defendants*. | |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Defendants Bank of America Corporation ("BAC")[1], Bank of America, N.A. ("BANA") (for itself and as successor in interest by merger to BAC Home Loans Servicing, L.P. and Countrywide Bank, FSB)[2], Countrywide Home Loans, Inc. ("CHL"), Countrywide Financial Corporation ("CFC")[3], Countrywide Mortgage Ventures, LLC (collectively, "Defendants")[4] by counsel, hereby submit this Memorandum of Law in support of their Motion to Dismiss and state as follows:

---

[1] BAC is improperly named to this lawsuit. BAC is a holding company, not a bank, and does not originate or service loans.

[2] Plaintiff also names as defendants BAC Home Loans Servicing, L.P., f/k/a Countrywide Home Loans Servicing, L.P and Countrywide Bank, FSB. Both of these entities have merged with and into BANA. Countrywide Home Loans Servicing, L.P. changed its name to BAC Home Loans Servicing, L.P. effective April 27, 2009, and BAC Home Loans Servicing, L.P. merged with and into BANA on July 1, 2011. Effective April 27, 2009, Countrywide Bank, FSB converted to a national banking association under the name of Countrywide Bank, National Association, and immediately thereafter, Countrywide Bank, National Association merged with and into BANA. Thus, Bank of America, N.A. responds for itself as well as successor by merger to BAC Home Loans Servicing, L.P. and Countrywide Bank, FSB.

[3] CFC is improperly named to this lawsuit. CFC is a holding company, not a bank, and does not originate or service loans.

[4] Plaintiff also names as a defendant "Bank of America," which is not an existing corporate legal entity. BANA has responded in place of "Bank of America."

## I. STATEMENT OF FACTS[5]

Plaintiff's claims arise out of a mortgage loan transaction entered into by Plaintiff on or about January 24, 2006 in the amount of $176,000 (the "Loan"), to purchase the property located at 2244 Orion Road, Jarratt, Virginia 23867 (the "Property"). *See* Compl. ¶ 3; *see also* Compl. Ex. B.

Plaintiff's allegations throughout the Complaint are vague, contradictory, difficult to follow, and conclusory. For example, Plaintiff begins her "Facts" section by stating that no "rescue program," e.g., a loan modification or other loss mitigation option, was offered to her by the servicer of her loan, but then, in the very same sentence, admits that a loan modification was offered to her. Compl. ¶ 23. Plaintiff then lists a litany of alleged failures of the servicer in evaluating her modification application—many of which are conclusory and generally directed at all Defendants' actions in evaluating *all consumers'* modification applications—and claims these failures are a violation of various unidentified consumer protection statutes, "federal laws, program requirements and contractual requirements governing loss mitigation." *See* Comp. ¶¶ 33-35. Plaintiff alleges, without specific factual support, *inter alia*, that the Defendants (generally) failed to perform proper modification underwriting, failed to adequately train staff responsible for loan modifications, provided false information to "consumers" while referring loans to foreclosure, failed to provide accurate and timely information to Plaintiff regarding a loan modification, wrongfully denied Plaintiff for a loan modification, and failed to assign adequate staff resources to the modification department. *See, e.g.*, ¶ 35. Plaintiff additionally makes the conclusory allegation that Defendants misled Plaintiff by representing that her loan

---

[5] Defendants assume the facts alleged in Plaintiff's Complaint as true for the purpose of this Motion to Dismiss only.

modification application would be handled promptly, and misrepresented to Plaintiff that loss mitigation programs would provide her relief from future foreclosure efforts. *Id.*

Aside from the allegations related to Plaintiff's failed attempt to obtain a loan modification from the servicer of her loan, Plaintiff copies and pastes information from a forensic audit apparently conducted by a third party on or about May 20, 2010. Compl. ¶ 51; *see also* Compl. Ex. E. Plaintiff states, in bullet point and without supporting facts, that Defendants violated the Gramm-Leach-Biley Act, RESPA, TILA, Regulation Z, and unspecified federal statutes related to the origination and closing of her loan in January, 2006. Compl. ¶ 51. The remainder of Plaintiff's Complaint contains numerous allegations regarding Plaintiff's real estate career, the collapse of the real estate market, and Plaintiff's visit to a Charlotte, North Carolina restaurant, from which Defendants cannot realistically discern any substantive legal allegations of wrongdoing. *See generally*, Compl.

Overall, Plaintiff's Complaint consists of overly broad and vague allegations, unsupported legal conclusions, and irrelevant narratives, and lacks any facts to support a cognizable cause of action against any of the Defendants. In fact, the Complaint fails to state any allegations of wrongdoing whatsoever as to the majority of the Defendants, who never originated nor serviced Plaintiff's loan. Additionally, the allegations of the Complaint make clear that several of Plaintiff's claims fail because the statutes provide no private right of action, and are time-barred. Accordingly, Plaintiff's Complaint should be dismissed in its entirety, with prejudice.

## II. ARGUMENT

### A. Legal Standard of Review

A district court should grant a motion to dismiss "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984). While the Court must take all factual allegations made in a complaint as true, *see Eastern Shore Markets, Inc. v. JD Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000), the United States Supreme Court heightened a plaintiff's pleading requirements in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S Ct. 1955 (2007). In order to survive a motion to dismiss, the "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." 550 U.S. at 555. Indeed, the Fourth Circuit has concluded that the Supreme Court's decision in *Twombly* establishes a regime that is "more favorable to dismissal of a complaint" at the earliest stages of a case. *See Giarratano v. Johnson*, 521 F.3d 298, 306 n.3 (4th Cir. 2008).

Specifically, a plaintiff's claim must be dismissed if it fails to allege "enough facts to state a claim to relief that is plausible on its face" such that he has "nudged his claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

In *Iqbal*, the Court enunciated a two-step approach for determining whether a complaint may survive dismissal. First, a district court need not accept legal conclusions as true, as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice . . . ." *Iqbal*, 129 S. Ct. at 1949. Second, only a complaint that states a plausible claim for relief should survive a motion to dismiss, and making such a determination is a "context specific" task where the court must apply its judicial experience and common sense. *Id.* Therefore, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are not more than conclusions, are not entitled to the assumption of the truth." *Id.*

Moreover, while a Rule 12(b)(6) motion does not typically address the merits of potential defenses, "dismissal nevertheless is appropriate when the face of the complaint clearly reveals the existence of a meritorious affirmative defense," such as a lapsed statute of limitations. *Brooks v. City of Winston–Salem*, 85 F.3d 178, 181 (4th Cir. 1996). Therefore, a defendant can prevail on a motion to dismiss by demonstrating that, on the face of the complaint, a claim is time-barred. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007).

**B.**     **Plaintiff's Complaint Fails to Comply with Rules 8(a) and 12(b)(6)**

Plaintiff's Complaint must be dismissed with prejudice for failing to state any claim. In order to avoid dismissal, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but <u>it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions</u>." *Ashcroft v. Iqbal*, 129 S. Ct, 1937, 1950 (May 18, 2009) (emphasis added); *see also Twombly*, 550 U.S. at 555. Under *Twombly* and *Iqbal*, a plaintiff must plead facts to support a reasonable inference that there has been some wrongdoing. *Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 570. Simply concluding that Defendants harmed Plaintiff, as Plaintiff does here, completely fails to meet minimum pleading standards. *See Iqbal*, 129 S. Ct. at 1949.

5

Pleading deficiencies that warrant dismissal include (1) "confused and rambling narrative of charges and conclusions," (2) "untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments," and (3) failing to allege "with even modest particularity the dates and places of the alleged transactions." *Poblete v. Goldberg*, 680 F. Supp. 2d 18 (D.D.C. Dec. 29, 2009) (dismissing with prejudice the complaint where the complaint was comprised of confusing legal theories and insufficient factual pleadings). A claim for relief must contain more than labels and conclusions. *Twombly*, 550 U.S. at 555.

Here, Plaintiff's Complaint is entirely deficient. Plaintiff's Complaint contains confusing allegations of fact, and it makes no attempt to connect the factual narrative to specified breaches of duty, contract, or law. Instead, Plaintiff's Complaint makes bald conclusions that Defendants violated statutes and unspecified duties relating to her modification application. Plaintiff sued several Defendants, including BAC, BANA, CHL, CFC, and CMV, but Plaintiff makes no real effort to distinguish the conduct of each individual Defendant and Plaintiff does not allege facts supporting a conclusion of wrongdoing by each individual Defendant. As such, Plaintiff fails to place Defendants on reasonable notice of the substance of the dispute or the allegations made against each Defendant.

The fact that Plaintiff is *pro se* does not relieve her of her duty to adequately and concisely plead facts in the Complaint. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not . . . without limits"); *Atherton v. D.C. Office of Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (While courts should construe a *pro se* complaint liberally and hold it "to less stringent standards than formal pleadings," the complainant "must plead factual matter that permits the court to infer

more than the mere possibility of misconduct."); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (Courts are not required to "conjure up" claims from the vagaries of a pro se complaint.) For example, the United States District Court for the Western District of Virginia recently dismissed a complaint filed by *pro se* plaintiffs for failure to state a cognizable claim, stating:

> …[T]he court concludes that the [Plaintiffs'] third complaint is wholly deficient, even under the liberal pro se pleading standards. The [Plaintiffs'] complaint fails to plead a comprehensible claim, much less a plausible one. The court can only discern that the [Plaintiffs] complain about the very fact of the foreclosure on their home and the resulting hardships. It is not clear from the complaint how any of the defendants violated any of the [Plaintiffs'] legal rights, nor can the court glean any coherent legal theories. Although pro se complaints are held to "less stringent standards," <u>pro se litigants do not have the unique privilege of submitting claims based on unintelligible facts and unfounded legal conclusions.</u> The complaint must contain enough factual content to allow this court to draw the reasonable inference that the defendants are liable for actionable misconduct. Because the complaint does not satisfy that basic requirement, the court dismisses the [Plaintiffs] claims.

*Chandler v. Multi-State Home Lending, Inc.*, 2013 U.S. Dist. LEXIS 22694, *5-*6 (W.D. Va. 2013) (citation omitted) (emphasis added). Plaintiff here has similarly failed to plead a comprehensible claim against any of the Defendants. It is not clear from the Complaint how any of the Defendants violated any of the Plaintiff's legal rights. Accordingly, for this reason, the entire Complaint should be dismissed.

**C.** **<u>Plaintiff Failed to Comply with the Notice Provision in the Deed of Trust.</u>**

The Complaint should be dismissed in its entirety for the additional reason that Plaintiff failed to comply with the notice provision in the Deed of Trust. The notice in the Deed of Trust states:

> Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigation or the member of a class) that arises from the other party's actions pursuant to this Security Interest or that alleges that the other party has breached any provision of, or any duty owed by reason of, this

7

> Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action.

Comp. Ex. B, ¶ 20. Indeed, "notice," according to Section 15 of the Deed of Trust is written notice:

> All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. . . . Any notice to Lender shall be given by delivering it or by mailing to by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender.

*Id.*, ¶ 15.

It is clear that the Plaintiff did not provide notice in accordance with the Deed of Trust. To be sure, the requirement to notify is a condition precedent of the parties' rights to commence any judicial action—a condition that Plaintiff agreed to when executing the agreement. The Complaint does not allege that she provided written notice to BANA—or any Defendant—prior to instituting this lawsuit. Accordingly, this Court should dismiss her complaint with prejudice for failing to comply with the notice provision of the Deed of Trust. *See, e.g. Jones*, 2012 U.S. Dist. LEXIS 15203 at *18-19 (granting Bank of America's motion to dismiss on the grounds that neither the initial complaint nor the proposed amendments to the complaint alleged that the plaintiffs provided Bank of America with the agreed upon notice, and thus the plaintiffs could not maintain their causes of action).

### D. Plaintiff Fails to State a Claim

To the extent Defendants have been able to discern causes of action from Plaintiff's Complaint, each fails to state a claim against any of the Defendants. Thus, for the additional reasons stated below, the Complaint must be dismissed.

1. **<u>Plaintiff's Claims of Unfair and Deceptive Practices Related to Her Failed Modification Attempt are No More than Disguised Claims for Violations of HAMP, which Fail as a Matter of Law</u>**

Plaintiff's causes of action for unfair and deceptive practices appear to be nothing more than a disguised attempt to assert a claim for violation of HAMP. The allegations in the Complaint depend on the claim that the Defendants violated HAMP by either failing to properly review Plaintiff for a loan modification, or for instituting foreclosure proceedings while Plaintiff was in the process of being reviewed for a HAMP loan modification. *See, e.g.*, Compl. ¶¶ 29, 33-35, 36-39, 41. Plaintiff's claims therefore fail as a matter of law, as there is no private right of action for alleged HAMP violations.

HAMP is a government program established pursuant to the Emergency Economic Stabilization Act of 2008 ("EESA"). *Villa v. Wells Fargo Bank, N.A.*, No. 10CV81 DMS (WVG), 2010 WL 935680, at *1 (S.D. Cal. Mar. 15, 2010). One of the components of the EESA is the Troubled Asset Relief Program ("TARP"), a government program to purchase assets and equity from financial institutions to strengthen its financial sector. *See* 12 U.S.C. §5211 *et seq*. TARP sets forth certain residential foreclosure mitigation efforts, and grants the Secretary of the Treasury the statutory authority to implement the HAMP program, as well as certain HAMP guidelines. *Id*. at 5219. HAMP was designed to promote loan modification and other foreclosure prevention services. *Villa*, 2010 WL 935680, at *1. Under HAMP, mortgage loan servicers enter into an agreement with the Federal National Mortgage Association ("Fannie Mae") whereby the servicers agree to perform loan modification and foreclosure prevention services in exchange for incentives provided by the Department of Treasury. *Winn v. Chase Mortgage Services et al.*, No. 2:10cv395 at *5 (E.D.Va. October 29, 2010). Borrowers can then

apply to the program and, if the borrower qualifies, the mortgage servicer provides the modification or prevention services to the borrower. *Id*.

While lawsuits asserting claims under HAMP are a recent development, courts have uniformly held that there is no private right of action under HAMP or EESA. *See Pennington and Eubanks v. PNC et al.*, No. 2:10cv361 (E.D.Va. August 11, 2010); *Winn*, No. 2:10cv395 at *6; *Bourdelais v. J.P. Morgan Chase, et al*, 2011 U.S. Dist. LEXIS 35507 (E.D. Va. April 1, 2011); *Sherman v. Litton Loan Servicing*, 2011 U.S. Dist. LEXIS 71756 at *6 (E.D. Va. July 5, 2011). A borrower or member of the public has no private right of action to assert claims for a lender's alleged failure to comply with HAMP guidelines. *Winn*, No. 2:10cv395 at *5. For example, as adeptly explained in *Pennington*, plaintiffs in a very similar action "were incidental beneficiaries to the contract between [the loan servicer] and Fannie Mae," and have "no judicially-enforceable rights under the contract." *Pennington,* No. 2:10cv361 at 6-7. The *Pennington* Court further held that the plaintiffs were "not members of a class for whose 'especial benefit' HAMP was enacted," and that HAMP provided no right to relief to third party beneficiaries of the HAMP servicer contract. *Id*.

Courts have consistently held that HAMP does not explicitly or implicitly recognize a private cause of action for borrowers. Under HAMP, no contract exists between the borrower and the mortgage servicer. *Id*. Rather, the only contract under HAMP is between Fannie Mae and the mortgage servicer. *Id*. Thus, despite Plaintiff's allegations that seem to allege that her submission of a HAMP modification application created new independent duties and obligations contained within the Deed of Trust, it is clear from prevailing case law and the statute creating the HAMP program that no such obligations existed between the Parties. Accordingly, any

attempts by Plaintiff to recover for alleged violations of HAMP fail as a matter of law, as Plaintiff does not have standing to enforce a private right of action under HAMP.

2. **Any Claim for Damages under the VCPA Fails as a Matter of Law**

Plaintiff alleges, in Counts I, II, and III, that Defendants' actions "constitute unfair or deceptive practices in violation of the consumer protection laws of each state, including Virginia." Compl. ¶¶ 53, 56, 59.

Title 59.1, Chapter 17, of the Virginia Code sets forth the Virginia Consumer Protection Act ("VCPA"). Section 59.1-204(A) of the Virginia Code provides, in part, that "[a]ny person who suffers loss as the result of a violation of this chapter shall be entitled to initiate an action to recover actual damages, or $500, whichever is greater." Va. Code § 59.1-204(A). Section 59.1-200(A) of the Virginia Code provides, in relevant part, as follows: "The following fraudulent acts or practices committed by a supplier in connection with a consumer transaction are hereby declared unlawful: . . . (8) Advertising goods or services with intent not to sell them as advertised, or with intent not to sell at the price or upon the terms advertised; . . . (14) Using any other deception, fraud, false pretense, false promise, or misrepresentation in connection with a consumer transaction. . . . ." Va. Code § 59.1-200(A)(8) & (14). Accordingly, the VCPA prohibits any deception, fraud, or misrepresentation in connection with a consumer transaction. *Id.*

Most importantly, "[h]owever, <u>banks and mortgage lenders are exempt from suit under the VCPA</u>." *Feeley v. Total Realty*, 660 F. Supp. 2d 700, 714 (E.D. Va. 2009) (emphasis added) (citing Va. Code Ann. § 59.1-199(D)) (granting the defendants' motion to dismiss in finding that the plaintiffs, purchasers of unimproved land, failed to, among other things, state a claim against mortgage lenders, developers, appraisers and others, alleging fraud, violation of the Interstate

Land Sales Act (ILSA), conspiracy, violation of the state unfair trade practices laws in North Carolina, South Carolina and Virginia, along with the VCPA). "[T]he VCPA specifically excludes from its coverage 'mortgage lenders,' VA. CODE ANN. § 59.1-199, defined as 'any person who directly or indirectly originates or makes mortgage loans.'" *Green v. CitiMortgage, Inc.*, 2011 U.S. Dist. LEXIS 134476, *at 22–23 (W.D. Va. Nov. 21, 2011) (citing Va. Code Ann. § 6.2-1600). *See also*, *Jefferson v. Briner, Inc.*, 2006 U.S. Dist. LEXIS 41423, at *32 (E.D. Va. June 21, 2006) (Defendants "are entitled to judgment on the VCPA claim because mortgage lenders are exclusively regulated by the State Corporation Commission and not subject to oversight by private parties in an action such as this."). In addition, Plaintiff is still required to plead any fraud or misrepresentation alleged pursuant to the VCPA in accordance with the specificity requirements under the Federal Rules of Civil Procedure, which her Complaint has clearly failed to accomplish. *See Feeley*, 660 F. Supp. 2d at 714. Therefore, any claim asserted under the VCPA fails, and must be dismissed with prejudice.

3. **There is No Private Right of Action For the Violations of RESPA as Alleged; Additionally, Any Claims Under RESPA Would be Time-Barred**

The Department of Housing and Urban Development ("HUD") is the administrative agency charged with enforcing RESPA and furthering its goals; it is authorized by statute to prescribe rules and regulations, and to make interpretations of RESPA. 12 U.S.C. § 2617(a) (2000). HUD has issued regulations pursuant to this authority, commonly referred to as "Regulation X," 24 C.F.R. § 3500.1 et seq. (2006). The disclosure requirements cited by Plaintiff in the Complaint pertain to the "Good Faith Estimate." Compl. ¶¶ 51(B)-(C). Lenders who make federally related mortgage loans must provide a booklet to each person from whom it receives or for whom it prepares a written application. 12 U.S.C. § 2604(d). Such booklet must

contain a Good Faith Estimate of the amount or range of charges for specific settlement services the borrower is likely to incur in connection with the settlement. 12 U.S.C. § 2604(c). The Estimate must be provided within three business days following the lender's or broker's receipt of the borrower's application. 24 C.F.R. § 3500.7(a), (b). Plaintiff attempts to state claims against the Defendants under the aforementioned provisions, and states that Defendants failed to provide her with a Good Faith Estimate and a booklet within 3 days of the closing of her loan. Compl. ¶¶ 51(B)-(C).

Plaintiff's claims under RESPA and Regulation X fail because there is no private cause of action under RESPA for the violations as alleged. The RESPA statute provides relief only under specific circumstances: RESPA creates a private right of action for only three types of wrongful acts: (1) failure of a loan servicer to provide proper notice about a transfer of servicing rights or to respond to a qualified written request for loan information, 12 U.S.C. § 2605; (2) payment of a kickback or unearned fees for real estate settlement services, 12 U.S.C. § 2607; and (3) requiring a buyer to use a title insurer chosen by the seller, 12 U.S.C. § 2608. *Burkhead v. Wachovia Home Mortg.*, 2013 U.S. Dist. LEXIS 70486, 8-9 (E.D. Va. 2013) (*citing Grant v. Shapiro & Burson, LLP*, 871 F. Supp. 2d 462, 2012 WL 1632867, at *4 (D. Md. 2012)). There is no private right of action for Plaintiff's claims, which fall under 12 U.S.C. § 2604(c). In fact, the Eastern District of Virginia has explicitly stated, "[i]t is clear that section 2604 does not expressly provide a private right of action," and has found, "that plaintiffs have no private right of action under RESPA for the failure of defendants to provide a Good Faith Estimate of closing costs as required by 12 U.S.C. 2604(c)." *Mentecki v. Saxon Mortg.*, 1997 U.S. Dist. LEXIS 1197 (E.D. Va. 1997). Accordingly, Plaintiff's claims under RESPA and Regulation X must be dismissed with prejudice.

Moreover, even if Plaintiff had a private right of action under RESPA, her claims would be time-barred. RESPA provides a three-year limit for claims brought under § 2605 and a one-year limit for claims brought under §§ 2607 and 2608. *See* 12 U.S.C. § 2614. A limitations period begins to run "from the date of the occurrence of the violation," which, in this case, would be the date of the supposed failure to provide the booklet and GFE, at closing of the loan, in January, 2006. *See Mullinax v. Radian Guar. Inc.*, 199 F. Supp. 2d 311, 324 (M.D.N.C. 2002). Plaintiff filed the instant action on September 3, 2013 (Doc. 3), more than seven years after the occurrence of the alleged violation. Plaintiff's claims would therefore be time-barred and, for this additional reason, Plaintiff's claims should be dismissed with prejudice.

4. **There is No Private Right of Action Under the Gramm-Leach-Biley Act**

In addition to her RESPA allegations, Plaintiff, based on an external "audit" performed on her loan in 2010 by a third party[6], makes the conclusory allegation that Defendants violated the Gamm-Leach-Biley Act (the "GLBA"), for a "missing consumer information and privacy policy". Compl. ¶ 51(A). However, "No private right of action exists for an alleged violation of the GLBA." *Dunmire v. Morgan Stanley DW, Inc.*, 475 F.3d 956, 960 (8th Cir. 2007) (citing cases); *see also Goldman v. Brannon*, 2013 U.S. Dist. LEXIS 132815 (E.D.N.C. Sept. 17, 2013) ("Plaintiff … fails to state a claim pursuant to the Gramm-Leach-Bliley Act because it does not provide a private right of action"). Therefore, any claim that Plaintiff attempts to state to under the GLBA fails as a matter of law, and must be dismissed with prejudice.

---

[6] Notably, the audit explicitly states that its scope is limited to the documents provided to the third party <u>by the borrower</u>, and disclaims liability if "missing documents … limit and/or affect the Audit results," or for "incorrect findings arising from inaccurate data, improper classification of data, or erroneous interpretations of the loan data submitted for review." *See* Compl. Ex. E, p.2.

### 5. Any Claim Under TILA or Regulation Z is Time-Barred

Plaintiff further makes the conclusory allegation that Defendants violated various unnamed "Federal Statutes" including TILA and Regulation Z. Though Plaintiff offers no support for these allegations, any claims Plaintiff would attempt to make under either TILA or Regulation Z would be time-barred, and thus fail.

"A TILA action must be brought within one year from the date of the occurrence of the violation." *Caballero v. Am. Mortg. Network*, 2011 U.S. Dist. LEXIS 87210 (E. D. Va. 2011) (*citing* 15 U.S.C. § 1640(e) and *Hood v. Aurora Loan Servs.*, 2010 U.S. Dist. LEXIS 67268, 2010 WL 2696755, at *2 (D. Md. July 6, 2010)) (internal quotation omitted). "The date of the violation is no later than the date the plaintiff enters the loan agreement." *Id.*

Here, Plaintiff entered into her loan transaction on or about January 24, 2006, (Compl. ¶ 3), and brought this case on September 3, 2013 (Doc. 3). Any claim Plaintiff attempts to allege under TILA is therefore time-barred.

To the extent Plaintiff also attempts to allege a Regulation Z claim, the same one-year statute of limitations applicable to TILA claims applies to alleged violations of Regulation Z. *Cordon v. Aurora Loan Servs., LLC*, 2010 U.S. Dist. LEXIS 89031, 2010 WL 3418214 at *6 (E.D. Va. Aug. 26, 2010) (citing 12 C.F.R. § 226.1(e)). Therefore, that claim is also time-barred. Plaintiff's attempted claims under the TILA and Regulation Z should be therefore also be dismissed with prejudice.

### IV.   CONCLUSION

For the reasons set forth above, Plaintiff's Complaint against Defendants fails to state a claim, and should be dismissed in its entirety and with prejudice.

WHEREFORE, Defendants respectfully request that the Court grant their Motion to Dismiss, dismiss with prejudice all of Plaintiff's claims against them, award them their attorneys' fees and costs expended in its defense of this action, and grant such other and further relief as the Court may deem appropriate.

Respectfully submitted,

BANK OF AMERICA CORPORATION,
BANK OF AMERICA, N.A.,
COUNTRYWIDE HOME LOANS, INC.,
COUNTRYWIDE FINANCIAL CORPORATION,
and
COUNTRYWIDE MORTGAGE VENTURES, LLC,

By Counsel

_____/s/_____
Sarah McConaughy (VSB No. 80674)
McGuireWoods LLP
World Trade Center
101 West Main Street
Suite 9000
Norfolk, VA 23510-1655
757.640.3710 (Direct Line)
757.640.3939 (Direct FAX)
smcconaughy@mcguirewoods.com

*Counsel for the Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of September 2013, I filed a true copy of the foregoing pleading via ECF, and sent complete copies via U.S. Mail to the following:

Elizabeth Streza
2244 Orion Road
Jarratt, VA 23867

*Pro se Plaintiff*

       /s/
Sarah K. McConaughy
McGuireWoods LLP
World Trade Center
101 West Main Street
Suite 9000
Norfolk, VA 23510-1655
757.640.3710 (Direct Line)
757.640.3939 (Direct FAX)
smcconaughy@mcguirewoods.com

*Counsel for the Defendants*

51199862_1