IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ELIZABETH STREZA,<br><br>    *Plaintiff*,<br><br>v.<br><br>BANK OF AMERICA, *et al.*,<br><br>    *Defendants*. | CIVIL ACTION NO. 3:13-CV-573 |

**DEFENDANTS' REPLY BRIEF**
**IN SUPPORT OF THEIR MOTION TO DISMISS**

    Defendants Bank of America Corporation ("BAC")[1], Bank of America, N.A. ("BANA") (for itself and as successor in interest by merger to BAC Home Loans Servicing, L.P. and Countrywide Bank, FSB)[2], Countrywide Home Loans, Inc. ("CHL"), Countrywide Financial Corporation ("CFC")[3], Countrywide Mortgage Ventures, LLC (collectively, "Defendants")[4] by counsel, hereby submit this reply brief in support of their motion to dismiss the Plaintiff's Complaint for failure to state a claim (their "Motion").

---

[1] BAC is improperly named to this lawsuit. BAC is a holding company, not a bank, and does not originate or service loans.

[2] Plaintiff also names as defendants BAC Home Loans Servicing, L.P., f/k/a Countrywide Home Loans Servicing, L.P and Countrywide Bank, FSB. Both of these entities have merged with and into BANA. Countrywide Home Loans Servicing, L.P. changed its name to BAC Home Loans Servicing, L.P. effective April 27, 2009, and BAC Home Loans Servicing, L.P. merged with and into BANA on July 1, 2011. Effective April 27, 2009, Countrywide Bank, FSB converted to a national banking association under the name of Countrywide Bank, National Association, and immediately thereafter, Countrywide Bank, National Association merged with and into BANA. Thus, Bank of America, N.A. responds for itself as well as successor by merger to BAC Home Loans Servicing, L.P. and Countrywide Bank, FSB.

[3] CFC is improperly named to this lawsuit. CFC is a holding company, not a bank, and does not originate or service loans.

[4] Plaintiff also names as a defendant "Bank of America," which is not an existing corporate legal entity. BANA responds in place of "Bank of America."

1

I.   **Introduction**

Plaintiff's Response to Defendants' Motion to Dismiss ("Response") fails to directly address any of the arguments raised in the Motion. Notably, Plaintiff fails to adequately address Defendants' arguments that the majority of Plaintiff's claims fail because the underlying statutes provide no private right of action, or because they are time-barred. Although Plaintiff does attempt to add substance to her claim regarding Defendants' alleged "promise" of a certain loan modification, the very exhibit she attaches to her Response as support plainly contradicts her allegations. Additionally, Plaintiff makes brand new allegations under the National Mortgage Settlement and the FDCPA, which allegations also fail as a matter of law. Notwithstanding the leniency that is afforded a *pro se* litigant, it is clear that Plaintiff has failed to state a claim against any of the Defendants. Accordingly, this Court should grant the Defendants' Motion to Dismiss, and dismiss Plaintiff's Complaint against the Defendants in its entirety.

II.   **Argument**

1. **Plaintiff's Allegations Related to Her Failed Modification Attempt are Still No More than Disguised Claims for Violations of HAMP, which Fail as a Matter of Law**

The additional allegations in Plaintiff's Response only reinforce Defendants' argument that Plaintiff's causes of action for unfair and deceptive practices are nothing more than disguised attempts to assert claims for violations of HAMP. As in the Complaint, the allegations in the Response depend on the claim that the Defendants violated HAMP by either failing to properly review Plaintiff for a loan modification, or for instituting foreclosure proceedings while Plaintiff was in the process of being reviewed for a HAMP loan modification. (See, e.g., Resp. pp. 2, 5-6) Plaintiff's claims therefore fail as a matter of law, as there is no private right of action for alleged HAMP violations.

Plaintiff argues that "[t]he HAMP violations that the Defendants refer to are not just HAMP violations," because she was allegedly "promised" a modification at an Atlanta event. (Resp. p. 5.) Plaintiff states that Exhibit AA to her Response "stated the conditions under which [Plaintiff] would receive a loan modification." (*Id.*, p. 5.) Plaintiff alleges that pursuant to Exhibit AA, Defendants promised to reduce the principal on her mortgage (*Id.*, p. 3), and then failed to follow through on a promised loan modification (*Id.*, p. 3), and breached a verbal agreement by not offering her a modification that reduced her principal (*Id.*, p. 6).

However, Plaintiff's own exhibit expressly contradicts her allegations that Defendants breached their obligation to her, or somehow otherwise violated the law, by failing to offer her a modification on terms she was allegedly "promised." A plain reading of Exhibit AA makes clear that it was created only to help determine Plaintiff's eligibility for a modification, and was not a promise or guarantee of a modification. Importantly, page 4 of Exhibit AA contains nine bullet points labeled "ACKNOWLEDGEMENT AND AGREEMENT." Number seven states, "I [Plaintiff] understand that the Servicer [BANA] will use the information in this document to evaluate my eligibility for a loan modification or short sale or deed-in-lieu of foreclosure, **but the Servicer is not obligated to offer me assistance based solely on the statements in this document**." (emphasis added). Plaintiff signed her name on the same page, and certified under penalty of perjury to this statement, as well as the others in the acknowledgements and agreements. (Exhibit AA, p. 4.) Plaintiff cannot now base her complaint on alleged "promises" or "guarantees" of a modification based on this document, when at the time the document was created, she agreed and acknowledged, under penalty of perjury, her understanding that no binding obligations or promises were being made to her by BANA. Therefore, for this additional reason, Plaintiff's claims based on an alleged promised modification fail.

3

**2. Plaintiff's New Allegations Under the National Mortgage Settlement Fail as a Matter of Law**

On page 12 of the Response, Plaintiff alleges new factual allegations – whether as a new cause of action or as support for a previously alleged cause of action, it is unclear – based on the Consent Judgment between the United States of America, forty-nine state attorneys general, and Bank of America, N.A. *See United States of America v. Bank of America Corporation, et al.*, no. 12-cv-00361, (D.D.C. Apr. 5, 2012) (the "National Mortgage Settlement"). Plaintiff quotes two portions of the National Mortgage Settlement and seemingly alleges that the Defendants have breached some duty to her by acting contrary to those cited portions. (Resp. p. 12.) However, both the Settlement and Virginia law make clear that Plaintiff is not entitled to enforce the terms of the National Mortgage Settlement.

First, Plaintiff is not a party to the National Mortgage Settlement, and, therefore, she cannot state a claim for breach of contract or otherwise sue to enforce its terms. Further, third parties have no right to enforce consent orders such as the National Mortgage Settlement. Additionally, Plaintiff is not a third-party beneficiary of the National Mortgage Settlement, and Plaintiff has failed to plead the elements necessary to establish that she holds third-party beneficiary status.

The terms of the National Mortgage Settlement specifically provide for its comprehensive enforcement only by "any Party to this [agreement] or the Monitoring Committee," *Id.* Ex. E at 15 (§ J.2), indicating that there is no private right of action for allegedly aggrieved borrowers. *See Rehbein v. Citimortgage Inc.*, No. 2:13-cv-65, 2013 U.S. Dist. Lexis 49104, at *15 (E.D. Va. April 4, 2013) (finding that individual borrowers are barred from asserting claims under the National Mortgage Settlement). Moreover, the National Mortgage

Settlement is enforceable "solely in the U.S. District Court for the District of Columbia." *United States of America v. Bank of America Corporation, et al.*, no. 12-cv-00361, (D.D.C. Apr. 5, 2012) Ex. E at 14-15 (§§ J.1-2). Finally, the terms of the National Mortgage Settlement make clear that a determination of whether BANA is in compliance with, or in violation of, the agreement—and, in particular, the Servicing Standards, set forth in Exhibit A—is to be made under a series of metrics, identified and defined in the agreement itself and subject to oversight by an independent monitor. *Id.* Ex. E at 4 (§ C.11). Thus, the parties to the National Mortgage Settlement specifically agreed that compliance with the Servicing Standards was to be assessed by the Metrics, not by the experience of any single borrower. Accordingly, any allegations or causes of action in Plaintiff's Response that arise under the National Mortgage Settlement must be dismissed as a matter of law.

3. **Plaintiff's Response Fails to Adequately Address Defendants' Arguments that Several of Her Claims are Time-Barred**

Plaintiff makes no substantive argument in response to Defendants' argument that Plaintiff's claims under RESPA, the Gramm-Leach-Bliley Act, TILA and Regulation are time-barred. Instead, Plaintiff merely states, "[a]s for any time-barring, that could be overruled in court." (Resp. p. 3.) Plaintiff makes no further argument under any of these statutes as to why the statutes of limitations for each claim should not – or do not – apply in the instant case to her causes of action. Plaintiff has stated no authority, nor any factual support, for tolling of any of the applicable statutes or any other reason as to why her claims should not be dismissed as a matter of law. Accordingly, the claims that Plaintiff has asserted under RESPA, the Gramm-Leach-Bliley Act, TILA, and Regulation Z should be dismissed as time-barred.

4. **Plaintiff's New Allegation that Defendants Violated the FDCPA is Without Merit**

On page three of her Response, Plaintiff states that Defendants violated 15 U.S.C. 1692c(b), a section of the Fair Debt Collection Practices Act ("FDCPA"), by "market[ing] her property for sale behind [her] back … in 2012 through a local realtor," when her home was not for sale. Plaintiff contends this was an improper communication from a debt collector to a third party other than the Plaintiff (the consumer), in connection with the collection of the Plaintiff's debt. (Resp. p. 3.) Plaintiff alleges this communication occurred around the time of an attempted foreclosure sale in March, 2012. (*Id.* p.4)

However, none of these allegations support a claim under the FDCPA. Indeed, Defendants are not debt collectors. Under the FDCPA, a "debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). "Debt Collector" does **not** include persons who collect debt "to the extent such activity ... (ii) concerns a debt which was originated by such person; [or] (iii) concerns a debt which was not in default at the time it was obtained by such person ...." *Id.* Therefore, the FDCPA's definition of debt collector "does not include the consumer's creditors, a mortgage servicing company, or any assignee of the debt, so long as the debt was not in default at the time it was assigned." *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985)*; see also Scott v. Wells Fargo Home Mortg. Inc.*, 326 F. Supp. 2d 709, 717 (E.D.Va. 2003); *Lettenmaier v. Fed. Home Loan Mortg. Corp.*, 2011 U.S. Dist. LEXIS 88277, *37-*38 (D. Or. Aug. 8, 2011).

Here, Plaintiff does not even attempt to allege that any of the Defendants were acting as a "debt collector" under the meaning of the FDCPA. A defendant is only a debt collector if the

facts demonstrate that the defendant's operations meet the statutory definition. *See Comer v. J.P. Morgan Chase Bank, N.A.*, 2011 U.S. Dist. LEXIS 135215 (M.D. Ga. Nov. 23, 2011). Therefore, Plaintiffs' failure to plead facts showing that any Defendant is a debt collector is fatal to her FDCPA claim. Further, Plaintiffs do not allege any facts showing that BANA, or any Defendant, obtained its interest as either the owner or servicer of the Loan after the Loan was in default. Moreover, Plaintiffs certainly do not allege facts showing that Defendants are principally engaged in the business of collecting others' debts. Therefore, Plaintiffs have failed to allege that Defendants are liable under the FDCPA. Therefore, for the foregoing reasons, any claim Plaintiff attempts to assert in the Response under the FDCPA must be dismissed.

### III. CONCLUSION

For the reasons set forth above, and those stated previously in Defendants' Motion to Dismiss and memorandum in support, Plaintiff's Complaint against Defendants fails to state a claim and should be dismissed in its entirety, with prejudice.

WHEREFORE, Defendants respectfully request that the Court grant their Motion to Dismiss, dismiss with prejudice all of Plaintiff's claims against them, award them their attorneys' fees and costs expended in its defense of this action, and grant such other and further relief as the Court may deem appropriate.

Respectfully submitted,

BANK OF AMERICA CORPORATION,
BANK OF AMERICA, N.A.,
COUNTRYWIDE HOME LOANS, INC.,
COUNTRYWIDE FINANCIAL CORPORATION,
and
COUNTRYWIDE MORTGAGE VENTURES, LLC,


By Counsel


    /s/
Sarah McConaughy (VSB No. 80674)
McGuireWoods LLP
World Trade Center
101 West Main Street
Suite 9000
Norfolk, VA 23510-1655
757.640.3710 (Direct Line)
757.640.3939 (Direct FAX)
smcconaughy@mcguirewoods.com

*Counsel for the Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of November 2013, I filed a true copy of the foregoing pleading via ECF, and sent complete copies via U.S. Mail to the following:

Elizabeth Streza
2244 Orion Road
Jarratt, VA 23867

*Pro se Plaintiff*

                                              /s/
                                    Sarah K. McConaughy
                                    McGuireWoods LLP
                                    World Trade Center
                                    101 West Main Street
                                    Suite 9000
                                    Norfolk, VA 23510-1655
                                    757.640.3710 (Direct Line)
                                    757.640.3939 (Direct FAX)
                                    smcconaughy@mcguirewoods.com

                                    *Counsel for the Defendants*

52370336_1